**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4062**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JARROT A. COOPER,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Sol Blatt, Jr., Senior District Judge.  (9:03-cr-00590-SB-1)

---

Submitted: September 26, 2006     Decided: September 28, 2006

---

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Guy J. Vitetta, Charleston, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jarrot A. Cooper appeals from his 360-month sentence imposed following the jury verdict finding him guilty of conspiracy to possess with intent to distribute cocaine base and conspiracy to carry firearms during and in relation to drug trafficking crimes. On appeal, Cooper contends that the district court improperly calculated his guideline range based on acquitted conduct. We have previously found that a sentencing court may increase a defendant's guideline range based on its factual findings, even if the jury acquitted the defendant of that conduct. See United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). Contrary to Cooper's contentions, the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), does not alter our previous holdings in this regard. See Booker, 543 U.S. at 233 (stating that the Sentencing Guidelines, if merely made advisory, would not violate the Sixth Amendment); see also United States v. Duncan, 400 F.3d 1297, 1304 (11th Cir.) (finding that "Booker does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict"), cert. denied, 126 S. Ct. 432 (2005). Accordingly, we affirm Cooper's conviction. We grant Cooper's motion to file a pro se supplemental brief but find the arguments raised therein to be meritless. We dispense with oral argument, because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
